**ZIMMERMAN REED LLP**
Ryan J. Ellersick (SBN 357560)
6420 Wilshire Blvd., Suite 1080
Los Angeles, CA 90048
Tel (877) 500-8780
ryan.ellersick@zimmreed.com

*Attorney for Plaintiffs and the Putative Class*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN JOSE DIVISION

| | |
|---|---|
| Meng Gao, individually and on behalf of all others similarly situated,<br><br>                          Plaintiff,<br><br>        v.<br><br>Crunch Holdings, LLC<br><br>                          Defendant. | Case No. 5:26-cv-01170<br><br>**CLASS ACTION COMPLAINT**<br><br>1. Violation of California's Consumer Legal Remedies Act, Cal. Civ. Code § 1750 *et. seq.*<br>2. Violation of California's False Advertising Law, Cal. Bus. & Prof. Code § 17500, *et. seq.*<br>3. Violation of the California Unfair Competition Law, Cal. Bus. & Prof. Code § 17200, *et seq.*<br>4. Quasi-Contract – Unjust Enrichment<br><br>**JURY TRIAL DEMANDED** |

1

CLASS ACTION COMPLAINT – 5:26-cv-01170

Plaintiff Meng Gao ("Plaintiff"), on behalf of himself and all others similarly situated, files this Class Action Complaint against Crunch Holdings, LLC ("Defendant" or "Crunch Fitness"), and in support states the following:

## INTRODUCTION

1. "[T]he price a Californian sees should be the price they pay."[1] Some businesses, like Crunch Fitness, disregard this straightforward mandate and engage in a deceptive practice called "drip pricing," where they "advertise only part of a product's total price to lure in consumers, and do not mention other mandatory charges [i.e., hidden or junk fees] until late in the buying process."[2]

2. When consumers seek to purchase gym memberships from Defendant, Defendant prominently displays and advertises specific prices for those memberships. However, these advertised prices are materially false and misleading because Defendant imposes a mandatory, undisclosed fee that is not revealed until later stages of the checkout process. Specifically, Defendant charges a mandatory "annual fee" on all memberships, which is not disclosed with the initially advertised price of the membership.

3. This practice, commonly referred to as "drip pricing," involves advertising only a portion of a product's or service's total price to attract consumers, then incrementally revealing additional mandatory charges as the consumer progresses through the purchasing process. By the time consumers discover the true total cost, they have already invested time and effort in the transaction and are less likely to abandon the purchase.

4. Defendant's "annual fee" is a quintessential "junk fee" because it is not displayed with the initially advertised price of memberships, but consumers are nonetheless required to pay the fee in order to purchase a membership, which they learn only at the end of the checkout process.

5. Defendant's deceptive fee practices harm consumers in multiple ways: they prevent consumers from accurately comparing prices across competitors; they manipulate consumers into

---

[1] California Department of Justice, *SB 478 – Hidden Fees*, available at https://oag.ca.gov/hiddenfees (last visited Feb. 5, 2026).

[2] *Bringing Dark Pattern to Light*, FTC Staff Report (September 2022), 8-9, available at https://www.ftc.gov/system/files/ftc_gov/pdf/P214800%20Dark%20Patterns%20Report%209.14.2022%20-%20FINAL.pdf (last visited Feb. 5, 2026).

CLASS ACTION COMPLAINT – 5:26-cv-01170

paying fees they did not anticipate and did not knowingly agree to pay when relying on the initially advertised price; and they undermine the competitive marketplace by disadvantaging honest businesses that disclose their true prices upfront.

6. Plaintiff and the proposed Class have been injured by Defendant's unlawful, unfair, and deceptive practices. Plaintiff seeks to end these deceptive practices and obtain damages, restitution, and injunctive relief on behalf of all affected consumers.

7. Accordingly, Plaintiff brings this action individually, and on behalf of a Class of similarly situated individuals, and asserts the following claims: (I) Violation of California's Consumer Legal Remedies Act, Civ. Code § 1750 et seq.; (II) Violation of California's False Advertising Law, Bus. & Prof. Code § 17500 et seq.; (III) Violation of California's Unfair Competition Law, Bus. & Prof. Code § 17200 et seq.; and (IV) Quasi-Contract – Unjust Enrichment.

## PARTIES

15. Plaintiff Meng Gao is a natural person who resides and intends to remain in San Jose, California. At all relevant times, Plaintiff was a citizen of California.

16. Defendant Crunch Holdings, LLC is a Delaware limited liability company with its principal place of business in New York, NY. Defendant operates the website at www.crunch.com.

## JURISDICTION AND VENUE

8. This Court has jurisdiction over this action under the Class Action Fairness Act of 2005. Pursuant to 28 U.S.C. § 1332(d)(2), this Court has original jurisdiction because the aggregate claims of the putative class members exceed $5 million, exclusive of interest and costs, and at least one of the members of the proposed class is a citizen of a different state than Defendant.

9. This Court has personal jurisdiction over Defendant because Defendant conducts substantial business in California, regularly sells goods or services to California consumers, maintains sufficient minimum contacts with California, and otherwise intentionally avails itself of the California market. Defendant's conduct has caused obligations and liability to arise within this State.

10. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because a substantial portion of the events giving rise to lead Plaintiff's claims occurred in this District.

11.     Pursuant to Civil L.R. 3-2(c), this matter should be assigned to the Santa Jose Division because a substantial portion of the events giving rise to lead Plaintiff's claims occurred in Santa Clara County.

## FACTUAL ALLEGATIONS

**A.      Drip pricing is unfair and illegal**

17.     Drip pricing is a deceptive pricing technique whereby businesses advertise only a portion of a product's or service's total price to attract consumers, then reveal additional mandatory charges incrementally as the consumer proceeds through the purchasing process. These additional charges may include service fees, processing fees, platform fees, convenience fees, or other similarly named mandatory surcharges, such as the "annual fee" in this case.

18.     The California Legislature has recognized that drip pricing harms consumers by preventing accurate price comparisons across sellers and manipulating consumers into paying fees that are hidden or not disclosed until after the consumer has already committed time to the transaction.

19.     In 2023, the California Legislature passed Senate Bill 478, which explicitly targets drip pricing practices. The legislation stated that the bill was "intended to specifically prohibit drip pricing, which involves advertising a price that is less than the actual price that a consumer will have to pay for a good or service."[3]

20.     Effective July 1, 2024, Senate Bill 478 amended the Consumer Legal Remedies Act to make drip pricing an enumerated prohibited practice under California Civil Code Section 1770(a)(29). Under this provision, it is unlawful to advertise, display, or offer a price for a good or service that does not include all mandatory fees or charges, with limited exceptions for government-imposed taxes and reasonable postage or carrier charges.

21.     The Legislature further acknowledged that drip pricing was already prohibited under existing California consumer protection statutes, including the Unfair Competition Law (Business and Professions Code Section 17200, et seq.) and the False Advertising Law (Business and Professions Code Section 17500, et seq.).

---

[3] Senate Bill 478, Section 1(a), available at https://legiscan.com/CA/text/SB478/id/2841136

22. Federal authorities have similarly condemned drip pricing and junk fees. The Federal Trade Commission, for example, has specifically prohibited "bait-and-switch" pricing through the imposition of junk fees in the sale of live-event tickets and short-term lodging.

23. Importantly, under California's drip-pricing law, a business cannot escape liability by generically disclosing that additional fees will be added at checkout. On the California Attorney General's "Hidden Fees" webpage, the Attorney General's office provides a series of questions and answers concerning application of SB 478. One question is, "Can a business comply with this law by advertising a price that is less than what a consumer will actually have to pay, but disclosing that additional fees will be added?" In response, the Attorney General's office states, "No. The price advertised to the consumer must be the full price that the consumer is required to pay."[4]

24. The Attorney General's office adds, "Put simply, the price a Californian sees should be the price they pay."[5]

**B.      Crunch Fitness's Checkout Process Involves Drip Pricing**

25. Crunch Fitness's advertising and checkout process involves drip pricing and is illegal under California law. Specifically, Crunch Fitness advertises and displays prices for memberships without displaying the amount of a mandatory "annual fee," which all members must pay in order to signed up for a membership. Crunch Fitness discloses the amount of the "annual fee" only after a consumer has selected their desired membership based on the initially displayed price of the membership.

---

[4] California Department of Justice, *SB 478 – Hidden Fees*, available at https://oag.ca.gov/hiddenfees (last visited Feb. 5, 2026).
[5] *Id.*

26.    For example, a prospective member shopping for a membership is first shown the following screen, which reflects various options for a monthly membership. This initial advertised price is displayed without disclosing the amount of any additional "annual fee."



27.    In small print below the advertised membership prices, Crunch Fitness has only a generic statement that the membership "[e]xclud[es] any enrollment fee, recurring processing fees, annual fee, or applicable taxes." But nowhere does Crunch Fitness disclose the amount of the annual fee when initially displaying the advertised price of the memberships. As the California Attorney General's Office has made clear, a business cannot comply with the "law by advertising a price that is less than what a consumer will actually have to pay, but disclosing that additional fees will be added."

28.    Even if a consumer scrolls down on the screen to the "Payment Due Today," section, Crunch Fitness does not disclose the existence or amount of the annual fee, instead only disclosing the amount for an "enrollment fee."



29.    Only after a consumer selects their desired membership are they taken to another screen where Crunch Fitness adds the annual fee for the first time.

CLASS ACTION COMPLAINT – 5:26-cv-01170

30. Depending on the membership selected, the annual fee can be as much as six times the cost of the monthly membership itself. For example, a consumer who selects a membership for $9.99, would have to upwards of $59.99 for the annual fee.

31. Consumers have no way to decline or opt-out of the annual fee when checking out or purchasing a membership. The annual fee is therefore a "mandatory" fee under California law.

**C.    Plaintiff Relied on the Advertised Membership Price when Purchasing his Membership**

32. In February 2025, Plaintiff went to Crunch Fitness's website to research memberships. Plaintiff reviewed the membership price that was initially displayed to him on the website, $14.99, which he relied upon in deciding to select the membership and move forward with the purchase process.

33. Crunch Fitness did not include the amount of the annual fee when initially displaying the membership price to Plaintiff on the website.

8

CLASS ACTION COMPLAINT – 5:26-cv-01170

34. On or about May 17, 2025, after signing up for the membership, Plaintiff was charged an additional $49.99 as a mandatory annual fee on top of the monthly membership price.

35. The price Plaintiff was initially shown for the membership was not the price Crunch Fitness ultimately charged.

36. Plaintiff suffered economic injury by paying for an unlawful "junk fee" and thus overpaying for the membership.

## CLASS ACTION ALLEGATIONS

37. Plaintiff brings this class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of following proposed class: all persons who, while in the state of California and within the applicable statute of limitations, purchased a Crunch Fitness membership online and were charged an annual fee or other mandatory fee not displayed with the initially advertised price of the membership (the "Class" and "Class Members").

38. Excluded from the Class are Defendant; officers, directors, and employees of Defendant; any entity in which Defendant has a controlling interest in, is a parent or subsidiary of, or which is otherwise controlled by Defendant; and Defendant's affiliates, legal representatives, attorneys, heirs, predecessors, successors, and assignees. Also excluded are the Judges and Court personnel in this case and any members of their immediate families.

39. Plaintiff reserves the right to modify and/or amend the Class definitions, as necessary.

40. All members of the proposed Class are readily identifiable through Defendant's records.

41. All requirements for class certification under Fed. R. Civ. P. 23(a), 23(b)(2) and 23(b)(3) are satisfied.

42. **Numerosity and Ascertainability**. The Class Members are so numerous that joinder of all Class Members is impracticable. Plaintiff is informed and believes that the proposed Class includes tens of thousands of people based on public reporting that Crunch Fitness has added approximately one million members within the last few years.[6] The precise number of the Class Members is unknown to Plaintiff but may be ascertained from Defendant's records.

---

[6] https://clubsolutionsmagazine.com/2025/01/crunch-fitness-celebrates-the-3-million-member-mark-and-launches-crunch-3-

43. **Commonality and Predominance.** This action involves common questions of law and fact to the Plaintiff and the Class Members, which predominate over any questions only affecting individual Class Members. These common legal and factual questions include, without limitation:

a. whether Defendant discloses all mandatory fees when initially displaying and advertising membership prices;

b. whether the "annual fee" is a mandatory fee;

c. whether Defendant's conduct violates the CLRA, FAL, and UCL; and

d. what damages or restitution are needed to reasonably compensate Plaintiff and the Class.

44. Defendant engaged in a common course of conduct giving rise to the claims asserted by Plaintiff on behalf of himself and the Class. Individual questions, if any, are slight by comparison in both quality and quantity to the common questions that control this action.

45. **Typicality.** Plaintiff's claims are typical of those of other Class Members because, like the Class, Plaintiff purchased a membership from Defendant and was charged an annual fee. Defendant's unfair and illegal practice of charging hidden fees impacted all Class Members in a similar manner.

46. **Adequacy.** Plaintiff will fairly and adequately represent and protect the interests of the members of the Class and has retained counsel experienced in complex consumer class action litigation and intends to prosecute this action vigorously. Plaintiff has no adverse or antagonistic interests to those of the Class.

47. **Superiority.** A class action is superior to all other available methods for the fair and efficient adjudication of this controversy. The damages or other financial detriment suffered by individual Class Members are relatively small compared to the burden and expense that would be entailed by individual litigation of their claims against Defendant. The adjudication of this controversy through a class action will avoid the possibility of inconsistent and potentially conflicting adjudications of the asserted claims. There will be no difficulty in managing this action as a class action, and the disposition of the claims of the Class Members in a single action will provide substantial benefits to all

0/#:~:text=Dak%20Prescott%2C%20Crunch%20franchise%20owner,less%20than%20half%20the%20time.

parties and to the Court. Absent a class action, individual consumers like Plaintiff would find the cost of litigating their claims prohibitively high and would have no effective remedy for monetary relief.

## LEGAL CLAIMS

## COUNT I

**Violation of California's Consumer Legal Remedies Act ("CLRA")**

**Cal. Civ. Code § 1750 et. seq.**

*(On Behalf of Plaintiff and the Class)*

48.     Plaintiff re-alleges and incorporates by reference all other paragraphs in the Complaint as if fully set forth herein.

49.     Plaintiff and the Class are "consumers," as defined by California Civil Code § 1761(d).

50.     Defendant sells "goods" and "services" as defined by California Civil Code § 1761(a)/(b). The membership involved an exchange of money for access to and use of Defendant's gym equipment and facilities.

51.     Plaintiff and the Class have engaged in "transactions" with Defendant as defined by California Civil Code § 1761(e).

52.     As alleged above, Defendant has undertaken unfair or deceptive acts or practices in violation of California's CLRA, including:

a.     "Using deceptive representations . . . in connection with goods or services," § 1770(a)(4);

b.     "Representing that goods or services have . . . characteristics . . . that they do not have," § 1770(a)(5);

c.     "Advertising goods or services with intent not to sell them as advertised," § 1770(a)(9); and

d.     "Advertising, displaying, or offering a price for a good or service that does not include all mandatory fees or charges," § 1770(a)(29).

53.     Defendant misrepresented to consumers that they could purchase a membership at the advertised price initially displayed on the website.

54.    Plaintiff reasonably relied on the price of the membership initially displayed to him on the website. The price of the membership was a substantial factor in Plaintiff's decision to make the purchase.

55.    Defendant's failure to disclose the amount of the annual fee with the initially displayed price of the membership was material, and class wide reliance may be presumed.

56.    As a direct and proximate result of Defendant's misconduct, Plaintiff and the Class have suffered and will continue to suffer actual damages, including being charged an annual fee that was not displayed with the initially advertised price of the membership.

57.    Plaintiff seeks relief for violations of the CLRA in the form of restitution, and/or disgorgement of ill-gotten gains to compensate and make whole Plaintiff and the Class. Restitution is appropriate because it is more certain, prompt, and efficient as compared to damages. Plaintiff reserves the right to amend the Complaint to also seek damages under the CLRA.

58.    Plaintiff also seeks public injunctive relief enjoining Defendant from (a) continuing to advertise prices of memberships without disclosing all mandatory fees and (b) continuing to charge annual fees to customers who, like Plaintiff, signed up for a membership based on Defendant's deceptive advertising. Defendant's deceptive advertising is ongoing and will continue to harm the public absent a permanent public injunction. Further, Defendant will continue charging annual fees to members of the public who, like Plaintiff, purchased and maintain memberships based on Defendant's deceptive advertising. Injunctive relief is necessary to prevent Defendant from continuing to engage in the unlawful conduct and to prevent future harm to Plaintiff and members of the public, which cannot be achieved through available legal remedies.

59.    Plaintiff also seeks reasonable attorneys' fees and costs pursuant to Code Civ. P. § 1021.5 and/or other applicable law.

60.    A CLRA venue declaration pursuant to Cal. Civ. Code §1780(d) is attached.

## COUNT II

### Violation of California's False Advertising Law ("FAL"),

### Bus. & Prof. Code § 17500, et. seq.

*(On Behalf of Plaintiff and the California Class)*

61. Plaintiff re-alleges and incorporates by reference all other paragraphs in the Complaint as if fully set forth herein.

62. The False Advertising Law ("FAL"), codified at Cal. Bus. & Prof. Code section 17500, et seq., prohibits "unfair, deceptive, untrue or misleading advertising[.]"

63. The FAL prohibits not only advertising which is false, but also advertising which, although true, is either actually misleading or which has a capacity, likelihood, or tendency to deceive or confuse the public.

64. Defendant violated section 17500 when it advertised false prices on its website that did not include all mandatory fees.

65. Defendant knowingly advertised a lower price to induce customers to purchase Defendant's memberships without realizing that the actual price would be higher due to Defendant's illegal drip pricing practice.

66. Plaintiff reasonably relied on the price of the membership initially displayed to him on the website. The price of the membership was a substantial factor in Plaintiff's decision to make the purchase.

67. Defendant's failure to disclose the amount of the annual fee with the initially displayed price of the membership was material, and class wide reliance may be presumed.

68. As a direct and proximate result of Defendant's misconduct, Plaintiff and the Class have suffered and will continue to suffer actual damages, including being charged an annual fee that was not displayed with the initially advertised price of the membership.

69. Plaintiff seeks relief for violations of the FAL in the form of restitution, and/or disgorgement of ill-gotten gains to compensate and make whole Plaintiff and the Class. Restitution is appropriate because it is more certain, prompt, and efficient as compared to damages.

70. Plaintiff also seeks public injunctive relief enjoining Defendant from (a) continuing to advertise prices of memberships without disclosing all mandatory fees and (b) continuing to charge annual fees to customers who, like Plaintiff, signed up for a membership based on Defendant's deceptive advertising. Defendant's deceptive advertising is ongoing and will continue to harm the public absent a permanent public injunction. Further, Defendant will continue charging annual fees to members of the public who, like Plaintiff, purchased and maintain memberships based on Defendant's deceptive advertising. Injunctive relief is necessary to prevent Defendant from continuing to engage in the unlawful conduct and to prevent future harm to Plaintiff and members of the public, which cannot be achieved through available legal remedies.

71. Plaintiff also seeks reasonable attorneys' fees and costs pursuant to Code Civ. P. § 1021.5 and/or other applicable law.

## COUNT III

### Violation of the California Unfair Competition Law

### Cal. Bus. & Prof. Code § 17200, *et seq.*

*(On Behalf of Plaintiff and the Class)*

72. Plaintiff re-alleges and incorporate by reference all other paragraphs in the Complaint as if fully set forth herein.

73. The California Unfair Competition Law ("UCL") prohibits, inter alia, "any unlawful, unfair, or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising."[7]

74. Plaintiff, Class Members, and Defendant are each a "person" under Cal. Bus. & Prof. Code § 17201.

75. The acts, omissions, and conduct of Defendant as alleged herein constitute "business practices" within the meaning of the UCL.

76. Defendant's false and misleading advertising claims violate all three prongs—unlawful, unfair, and fraudulent—of the UCL.

---

[7] CAL. BUS. & PROF. CODE §§ 17200, 17203–04, 17206.

77. First, Defendant's representations and omissions regarding the price of its memberships are unlawful because they are misleading to a reasonable consumer and violate the CLRA and FAL, as alleged herein.

78. Second, Defendant's conduct violates the "unfair" prong of the UCL because Defendant's representations and omissions regarding the price of memberships are illegal, immoral, unscrupulous, and substantially injurious to consumers, and the negative impact on consumers outweighs any reasons, justifications, or motives for Defendant's conduct.

79. Third, Defendant's conduct violates the "fraudulent" prong of the UCL because Defendant's representations and omissions are likely to deceive members of the public.

80. Plaintiff reasonably relied on the price of the membership initially displayed to him on the website. The price of the membership was a substantial factor in Plaintiff's decision to make the purchase.

81. Defendant's failure to disclose the amount of the annual fee with the initially displayed price of the membership was material, and class wide reliance may be presumed.

82. As a direct and proximate result of Defendant's misconduct, Plaintiff and the Class have suffered and will continue to suffer actual damages, including being charged an annual fee that was not displayed with the initially advertised price of the membership.

83. Plaintiff seeks relief for violations of the UCL in the form of restitution, and/or disgorgement of ill-gotten gains to compensate and make whole Plaintiff and the Class. Restitution is appropriate because it is more certain, prompt, and efficient as compared to damages.

84. Plaintiff also seeks public injunctive relief enjoining Defendant from (a) continuing to advertise prices of memberships without disclosing all mandatory fees and (b) continuing to charge annual fees to customers who, like Plaintiff, signed up for a membership based on Defendant's deceptive advertising. Defendant's deceptive advertising is ongoing and will continue to harm the public absent a permanent public injunction. Further, Defendant will continue charging annual fees to members of the public who, like Plaintiff, purchased and maintain memberships based on Defendant's deceptive advertising. Injunctive relief is necessary to prevent Defendant from continuing to engage in the

unlawful conduct and to prevent future harm to Plaintiff and members of the public, which cannot be achieved through available legal remedies.

85. Plaintiff also seeks reasonable attorneys' fees and costs pursuant to Code Civ. P. § 1021.5 and/or other applicable law.

## COUNT IV

## Quasi-Contract – Unjust Enrichment

*(On behalf of Plaintiff and the Class)*

86. Plaintiff re-alleges and incorporates by reference all other paragraphs in the Complaint as if fully set forth herein.

87. As alleged above, Defendant's false and deceptive advertising caused Plaintiff and the Class to pay a mandatory, hidden fee on top of the cost of a monthly membership. Defendant knowingly charged the mandatory fees. Defendant's practice therefore caused Plaintiff and the Class to overpay and Defendant to be unjustly enriched by retaining the unlawful fees.

88. Defendant has received a direct and unjust benefit at the Plaintiff's and the Class's expense. Accordingly, Plaintiff and the Class seek restitution.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff respectfully prays for judgment in his favor as follows:

a. Certification of the Class pursuant to the provisions of Fed. R. Civ. P. 23 and an order that notice be provided to all Class Members;

b. Designation of Plaintiff as representative of the Class and the undersigned counsel as Class Counsel;

c. An award of damages in an amount to be determined at trial or by this Court;

d. Declaring that Defendant's past conduct was unlawful, as alleged herein;

e. Declaring Defendant's ongoing conduct is unlawful, as alleged herein;

f. Enjoining Defendant from continuing the unlawful practices described herein, and awarding such injunctive and other equitable relief as the Court deems just and proper;

Case 5:26-cv-01170-PCP   Document 1   Filed 02/06/26   Page 17 of 18

g.  Awarding Plaintiff and the Class Members statutory, actual, compensatory, consequential, and nominal damages, as well as restitution and/or disgorgement of profits unlawfully obtained;

h.  Awarding Plaintiff and the Class Members pre-judgment and post-judgment interest;

i.  Awarding Plaintiff and the Class Members reasonable attorneys' fees, costs, and expenses; and

j.  Granting such other relief as the Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff, on behalf of himself and the Class, demands a trial by jury of any and all issues in this action so triable of right.

Respectfully submitted,

**ZIMMERMAN REED LLP**

Dated: February 6, 2026          By:   /s/ Ryan J. Ellersick
                                        Ryan J. Ellersick (SBN 357560)
                                        6420 Wilshire Blvd., Suite 1080
                                        Los Angeles, CA 90048
                                        Tel (877) 500-8780
                                        Fax (877) 500-8781
                                        ryan.ellersick@zimmreed.com

                                        *Attorney for Plaintiff and the Putative Class*

CLASS ACTION COMPLAINT – 5:26-cv-01170

I, Meng Gao, declare:

1.  I am a Plaintiff in this action and am over the age of 18. If called upon to testify, I could and would competently testify to the matters contained herein based upon my personal knowledge.

2.  I submit this Declaration pursuant to California Code of Civil Procedure section 2015.5 and California Civil Code section 1780(d).

3.  As set forth in the Complaint, I purchased a membership online from Defendant while residing in San Jose, California. Because the transaction occurred in Santa Cruz County, I understand that the Northern District of California is the proper place for the trial of this action.

I declare under penalty of perjury under the laws of the state of California that the foregoing is true and correct.

Feb 6, 2026

_Meng Gao_
Meng Gao (Feb 6, 2026 12:05:57 PST)

Date

Meng Gao