FAEGRE DRINKER BIDDLE & REATH LLP
MATTHEW J. ADLER (SBN 273147)
matthew.adler@faegredrinker.com
Four Embarcadero Center, 27th Floor
San Francisco, California 94111
Telephone      +1 415 591 7500
Facsimile      +1 415 591 7510

KAYLEE A. RACS (SBN 353919)
kaylee.racs@faegredrinker.com
1800 Century Park East, Suite 1500
Los Angeles, California 90067
Telephone:     +1 310 203 4000
Facsimile:     +1 310 229 1285

Attorneys for Defendant
CRUNCH HOLDINGS, LLC

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| MENG GAO, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>CRUNCH HOLDINGS, LLC,<br><br>Defendant. | Case No. 5:26-cv-01170-PCP<br><br>**STIPULATION AND [PROPOSED] ORDER TO EXTEND TIME FOR DEFENDANT CRUNCH HOLDINGS, LLC TO RESPOND TO COMPLAINT AND TO CONTINUE CASE MANAGEMENT CONFERENCE; DECLARATION OF MATTHEW J. ADLER IN SUPPORT**<br><br>Complaint Filed: February 6, 2026<br>Current response date: April 16, 2026<br>New response date: May 18, 2026<br><br>Trial Date: Not Set |

STIPULATION TO EXTEND TIME TO RESPOND TO
COMPLAINT                                                                    CASE NO. 5:26-CV-01170-PCP

Pursuant to Local Rule 7-12, Plaintiff MENG GAO ("Plaintiff") and Defendant CRUNCH HOLDINGS, LLC ("Crunch") (collectively, the "Parties"), by and through their attorneys of record, hereby stipulate as follows:

WHEREAS, Plaintiff filed a Complaint on February 6, 2026 (Dkt. 1);

WHEREAS, Plaintiff served the Summons and Complaint on Crunch on February 24, 2026 (Dkt. 5);

WHEREAS, pursuant to a stipulation of the Parties, the current deadline for Crunch to respond to the Complaint is April 16, 2026 (Dkt. 10);

WHEREAS, Plaintiff and Crunch are working to investigate this matter and engage in substantive discussions;

WHEREAS, Crunch asserts there is an enforceable arbitration agreement between the Parties that governs this dispute;

WHEREAS, the Parties are currently meeting and conferring regarding the arbitration agreement, and, absent a mutually-agreeable resolution of that issue, Crunch intends its initial response to the Complaint to be a motion to compel arbitration;

WHEREAS, to allow the Parties to meet and confer regarding the arbitration provision, the Parties have agreed to a 30-day extension of Crunch's time to file its response to the Complaint, to and including May 18, 2026;

WHEREAS, if Crunch's motion to compel arbitration is not successful, the Parties have agreed—in order to conserve the Parties' and the Court's resources—to sequence motion practice so that the motion to compel arbitration is briefed and decided first, before Crunch responds to Plaintiff's substantive claims;

WHEREAS, the Parties further agree that Crunch's motion to compel arbitration should be resolved prior to an Initial Case Management Conference and that good cause exists to continue the Initial Case Management Conference currently set for May 21, 2026 (Dkt. 14) to a date to be set following resolution of Crunch's motion to compel arbitration;

WHEREAS, there has been one previous stipulation as of right under Local Rule 6-1 extending Crunch's deadline to respond to the Complaint in this case by 30 days;

WHEREAS, this stipulation proposes to alter the date of the Initial Case Management Conference and attendant deadlines, which were set by Court order;

WHEREAS, there is good cause to alter such deadlines as the Parties may reach agreement on the arbitrability of this case, and if not, Crunch's motion to compel arbitration may be dispositive of the matter; and

WHEREAS, by entering into this Stipulation, Crunch does not waive, and hereby preserves, any and all claims, defenses, objections, and motions available to it under federal or state law.

THEREFORE, pursuant to Local Rule 7-12, the Parties, by and through their undersigned counsel, hereby stipulate as follows:

1.    The deadline for Crunch to answer or otherwise respond to the Complaint is extended to and including May 18, 2026.

2.    If Crunch files a motion to compel arbitration on May 18, 2026, its motion will be decided before Crunch is obligated to respond to Plaintiff's substantive claims.  If Crunch's motion to compel arbitration is denied, Crunch will respond to Plaintiff's substantive claims within 21 days of the Court's Order.

3.    The Initial Case Management Conference scheduled for May ~~14~~ 21, 2026 should be continued to a date following resolution of Crunch's motion to compel arbitration.

**IT IS SO STIPULATED.**

Dated: April 7, 2026                    FAEGRE DRINKER BIDDLE & REATH LLP


By:  /s/ Matthew J. Adler
       Matthew J. Adler
       Kaylee A. Racs

Attorneys for Defendant
CRUNCH HOLDINGS, LLC

Dated:  April 7, 2026

ZIMMERMAN REED LLP


By:  /s/ Ryan J. Ellersick
        Ryan J. Ellersick

Attorneys for Plaintiff
MENG GAO

**ATTESTATION**

Pursuant to Civil Local Rule 5-1(i), I, Matthew J. Adler, hereby attest that I have obtained concurrence in the filing of this document from the other signatory to this document.  I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed this 7th day of April, 2026, in San Francisco, California.

/s/ Matthew J. Adler
Matthew J. Adler

## DECLARATION OF MATTHEW J. ADLER

I, Matthew J. Adler, declare as follows:

1. I am over the age of 18 years, I am competent to make this declaration, and I have personal knowledge of the facts stated herein. I am competent to and would testify to such facts under oath if asked to do so.

2. I am an attorney at the law firm of Faegre Drinker Biddle & Reath LLP and counsel of record for Defendant Crunch Holdings, LLC ("Crunch") in this action. I make this declaration in support of the Parties' Stipulation to Extend Time to Respond to Complaint.

3. The parties have stipulated to extend Crunch's deadline to respond to Plaintiff Meng Gao's ("Plaintiff") Complaint by 30 days, up to and including May 18, 2026. There is good cause to extend this deadline because the parties are actively meeting and conferring regarding the applicability of Crunch's arbitration clause, which it contends encompasses this dispute. If the parties can reach agreement regarding the clause's applicability, this case will be moved to arbitration.

4. Additionally, if no agreement is reached by the Parties, Crunch intends to file a motion to compel arbitration as its initial response to the Complaint. The parties have further agreed that Crunch's deadline to respond to the substance of Plaintiff's Complaint will be extended to a time after the motion to compel arbitration is resolved.

5. There is good cause to extend Crunch's deadline to respond to the substance of Plaintiff's Complaint because the motion to compel arbitration may moot the need for further litigation in this Court, and staggering Crunch's deadlines will conserve party and Court resources.

6. Finally, the parties have stipulated that the Initial Case Management Conference set for May 14, 2026 should be continued to a date following resolution of Crunch's motion to compel arbitration, and that any deadlines relating to the Initial Case Management Conference be continued accordingly.

7. There is good cause to continue the Initial Case Management Conference and related deadlines because the motion to compel arbitration may moot the need for further litigation in this Court, and will conserve party and Court resources.

8.    There has been one previous stipulation as of right under Local Rule 6-1 extending Crunch's deadline to respond to the Complaint in this case by 30 days.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed this 7th day of April, 2026, at San Francisco, California.


*/s/ Matthew J. Adler*
Matthew J. Adler

**[PROPOSED] ORDER**

The Court having considered the Stipulation by the Parties and good cause appearing:

**IT IS HEREBY ORDERED** that Defendant Crunch Holdings, LLC's ("Crunch") deadline to respond to Plaintiff Meng Gao's Complaint is extended to May 18, 2026.

**IT IS FURTHER ORDERED** that Crunch's deadline to respond to Plaintiff's substantive claims shall be deferred until after the resolution of its motion to compel arbitration, if Crunch elects to file one on May 18, 2026. If Crunch's motion to compel arbitration is denied, Crunch shall respond to Plaintiff's substantive claims within 21 days of the Court's Order.

**IT IS FURTHER ORDERED** that the Initial Case Management Conference set for May ~~14~~ 21, 2026 is continued to _____ August 27_, 2026, and that all corresponding deadlines are continued in accordance with the rescheduled Case Management Conference.

**IT IS SO ORDERED.**

DATED:   April 8, 2026 _____

_____
Hon. P. Casey Pitts
UNITED STATES DISTRICT JUDGE